# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

RYAN NEIL COX,          Case No. 2:22-cv-2752

    Plaintiff,             JUDGE EDMUND A. SARGUS, JR.

    v.                Magistrate Judge Chelsey M. Vascura

C-NET TECHNOLOGIES LLC, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection (ECF No. 39) to the Magistrate Judge's decision (ECF No. 37) on his Oral Motion to Compel docketed on May 19, 2023. For the reasons that follow, Plaintiff's Objection is **OVERRULED**.

### I.

Plaintiff sued C-Net for violations of 15 U.S.C § 1681e(b) of the Fair Credit Reporting Act ("FCRA") that required C-Net to establish and "follow reasonable procedures to assure maximum possible accuracy of the information" in preparing background reports. C-Net had sold an inaccurate background report to Plaintiff's prospective employer (ECF No. 19, ¶¶ 19, 24), and Plaintiff must establish a negligent (§ 1681o), or willful/reckless (§ 1681n) non-compliance to recover varying remedial awards. Plaintiff moved to compel Defendant C-Net Technologies, LLC to supplement its discovery responses.

The Magistrate Judge heard argument on Plaintiff's request to compel supplementation of certain discovery requests. The Magistrate Judge granted in part and denied in part Plaintiff's request. (ECF No. 37.) Plaintiff filed an Objection (ECF No. 39), which is ripe for review (ECF Nos. 40, 41).

## II.

When a party timely objects to a Magistrate Judge's non-dispositive order "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies only to factual findings; legal conclusions are reviewed under the "contrary to law" standard, which is "more lenient" than the clearly erroneous standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). Review under the contrary to law standard is plenary, and this Court "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id*. (quoting *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983)). Simply stated, the Court is to "exercise its independent judgment with respect to a Magistrate Judge's legal conclusions." *Id*.

## III.

The Magistrate Judge ruled as follows:

- C-Net need not supplement its response to Request for Production No. 31, which seeks the entire employee file of a certain employee. C-Net has already provided the employee's contact information and disciplinary file relating to errors concerning the inclusion of information in C-Net's screening reports. The remaining information in this employee's files are not relevant to the parties' claims or defenses.

- C-Net must supplement its response to Request for Production No. 32, which seeks disciplinary records for all C-Net employees who were involved in researching, compiling, or publishing consumer reports. C-Net has already produced disciplinary files for the single write-up that occurred regarding the errant inclusion of criminal convictions in C-Net reports; C-Net must supplement its response with disciplinary files regarding the errant inclusion of *any information* in C-Net reports.

- C-Net need not supplement its response to Request for Production No. 34, which seeks copies of audits or assessments in relation to the accuracy of third-party consumer information. C-Net has already produced the audit results and testified at deposition as to the methodology for arriving at those results; C-Net has therefore fully responded to this request.

(Order at 1, ECF No. 37.)

2

Plaintiff argues that the Magistrate Judge erred with regard to the first and last rulings.

**A.    Request for Production No. 31**

Plaintiff argues:

Before the Magistrate was a simple question: Does a litigant need to produce the contact and personal identifying information of an obvious fact-witness that it has in its possession? The Federal Rules are clear that the answer is in the affirmative. Under Rule 26(b)(1), a litigant is entitled to "the identity and location of persons who know of any discoverable matter."

(Objection at 4, ECF No. 39) (citation omitted).

The Magistrate Judge, however, noted that Defendant already provided the employee's contact information and disciplinary file relating to errors concerning the inclusion of information in C-Net's screening reports.  Defendant too, in its opposition to the Objection, indicates that it had no further contact information than was provided to Plaintiff.  Moreover, Defendant sought further information on the location of the employee that it did not have in his employee file and it was readily available.  Thus, this Court finds no error in the Magistrate Judge's ruling.

**B.    Request for Production No. 34**

Plaintiff contends that CNet failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates can be derived from the documents relied upon by CNet in its audits of Appriss.  The Magistrate Judge did not err, nor has Plaintiff made any sufficient showing that she did, in finding C-Net has fully responded to this request when it produced the audit results and testified at deposition as to the methodology for arriving at those results.

**IV.**

Based on the foregoing, Plaintiff's Objection is **OVERRULED** (ECF No. 39) and the

Magistrate Judge's decision (ECF No. 37) is **ADOPTED IN FULL** by this Court.  This case remains open.

      **IT IS SO ORDERED.**


<u>**8/17/2023**</u>                                      <u>**s/Edmund A. Sargus, Jr.**</u>
**DATE**                                                  **EDMUND A. SARGUS, JR.**
                                                       **UNITED STATES DISTRICT JUDGE**